UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____

*In re*
VERO HEALTH XV, LLC d/b/a            }   Chapter 7
VERO HEALTH & REHAB OF               }   Case No. 23-11466-CJP
AMESBURY                             }   Eastern Division
    Alleged Debtor                  }
_____

*In re*
VERO HEALTH XIV, LLC d/b/a           }   Chapter 7
VERO HEALTH & REHAB OF               }   Case No. 23-11467-CJP
WATERTOWN                            }   Eastern Division
    Alleged Debtor                  }
_____

*In re*
VERO HEALTH XIV, LLC d/b/a           }   Chapter 7
VERO HEALTH & REHAB OF               }   Case No. 23-11468-CJP
REVERE                               }   Eastern Division
    Alleged Debtor                  }
_____

*In re*
VERO HEALTH XVI, LLC d/b/a           }   **Chapter 7**
VERO HEALTH & REHAB OF               }   **Case No. 23-40745-CJP**
WORCESTER                            }   **Central Division**
    Alleged Debtor                  }
_____

*In re*
VERO HEALTH XII, LLC d/b/a           }   Chapter 7
VERO HEALTH & REHAB OF               }   Case No. 23-30367-CJP
WILBRAHAM                            }   Western Division
    Alleged Debtor                  }
_____

*In re*
VERO HEALTH XI, LLC d/b/a            }   Chapter 7
VERO HEALTH & REHAB OF               }   Case No. 23-30368-CJP
HAMPDEN                              }   Western Division
    Alleged Debtor                  }
_____

*In re*
VERO HEALTH XIII, LLC d/b/a          }   Chapter 7
VERO HEALTH & REHAB OF               }   Case No. 23-30369-CJP
SOUTH HADLEY                         }   Western Division
    Alleged Debtor                  }
_____

## **MOTION TO JOINTLY ADMINISTER CASES**
**Pursuant to B.R. 1015**

NOW COMES the Petitioning Creditors, PharmScript of MA LLC, Adaptige, LLC and Aegis Therapies, Inc. (hereinafter collectively referred to as the "**Petitioning Creditors**") by and through its undersigned counsel, Amann Burnett, PLLC and hereby moves to jointly administer the above-captioned cases. In support hereof, the Petitioning Creditors aver as follows:

1. On September 12, 2023, Petitioning Creditors filed Involuntary Petitions against the Debtors, under Chapter 7 of the United States Bankruptcy Code, pursuant to 11 U.S.C. § 303.

2. On September 13, 2023, the Court issued Summonses providing that the Alleged Debtors must answer the Involuntary Petitions, pursuant to B.R. 1011 (b), within twenty-one (21) days of service of the Summonses, which service was accepted by the Alleged Debtors through counsel.

3. On Monday, September 25, 2023, the Parties filed an Assented-to Motion to Enlarge Time for the Alleged Debtors to Answer or Respond to the Involuntary Bankruptcy Petitions. That Motion is pending in all of the above-captioned cases.

4. On Wednesday, September 13, 2023, the Western Division cases were re-assigned from Judge Katz to Judge Panos; the three (3) Eastern cases and the one (1) Central Division cases had already been assigned to Judge Panos when the Involuntary Petitions were initially filed. Hence, all of the seven (7) cases are now assigned to Judge Panos.

5. Pursuant to MLBR 1015-1 (1), the Petitioning Creditors hereby designate case number **23-40745-CJP, Central Division** as the lead case.

6. Pursuant to MLBR 1015-1 (2), the Petitioning Creditors believe designating case number 23-40745-CJP is warranted because Worcester is centrally located in the Commonwealth and upon information and belief, it is where Judge Panos' staff is located. Joint administration will promote judicial economy and minimize unnecessary costs for all of the Parties.

7. Pursuant to MLBR 1015-1 (3), the Petitioning Creditors are not aware of any actual or potential conflicts of interest requiring further protection of any other unsecured creditors. Upon information and belief, the Petitioning Creditors represent the largest unsecured claims against the respective, Alleged Debtors.

8. While the Petitioning Creditors are not presently seeking consolidation, they believe that grounds do exist to move for consolidation and hereby reserve the right to do so. As the Court is aware, substantive consolidation of a non-debtor with a debtor is less common but increasingly accepted. "The trend toward greater court approval of substantive consolidation 'has its genesis in the increased judicial recognition of the widespread use of interrelated corporate structures....'" Eastgroup Props., 935 F.2d at 249 (quoting In re Murray Indus., Inc., 119 B.R. 820, 828-29 (Bankr.M.D.Fla.1990); see also, Butler v. Candlewood Rd. Partners, LLC (In re Raymond), 529 B.R. 455 (Bankr. Mass. 2015) Steury, 94 B.R. 553, 554-55 (Bankr.N.D.Ill.1988). Within this circuit, bankruptcy courts have approved the application of substantive consolidation to non-debtors, often in cases in which the non-debtor is a subsidiary or alter ego of the debtor. See also and generally, *e.g.*, Gray v. O'Neill Props. Group, L.P. (In re Dehon, Inc.), No. 02-41045, 2004 WL 2181669, at *3 (Bankr.D.Mass. Sept. 24, 2004);

Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.), 954 F.2d 1 (1st Cir.1992); Aoki v. Atto Corp. (In re Aoki), 323 B.R. 803, 812 (1st Cir. BAP 2005) (quoting My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 233 N.E.2d 748, 752 (1968), In re Vecco Constr. Indus., Inc., 4 B.R. 407, 412 (Bankr.E.D.Va.1980); Butler v. Candlewood Rd. Partners, LLC (In re Raymond), 529 B.R. 455 (Bankr. Mass. 2015).

9.   L.R. 7.1 (a)(2) STATEMENT OF CONCURRENCE: Counsel for the Petitioning Creditors conferred with Counsel to the Alleged Debtors about assenting to this Motion. Counsel for the Alleged Debtors replied that, "…the alleged debtors will not join in or assent to the joint administration motion but you may indicate that they will not oppose it."

WHEREFORE, the Petitioning Creditors request that this Honorable Court:

A.   Grant this Motion and order that all of the above-captioned cases be jointly administered with the lead case being 23-40745-CJP;

B.   Grant any other relief which the Court deems Mete, Just or Equitable.

Respectfully submitted,
By Petitioning Creditors' Counsel,
AMANN BURNETT PLLC

DATED: 9-28-23

By: /s/ William J. Amann, Esq.
William J. Amann, Esq.
BBO #648511
Amann Burnett PLLC
757 Chestnut Street
Manchester, NH 03104
603-696-5401
wamann@amburlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date indicated below, a copy of the foregoing was served upon all registered users in the above referenced case via first-class mail, postage pre-paid, or CM/ECF as indicated.

| | |
|---|---|
| DATED: 9-28-2023 | /s/ William J. Amann, Esq. |

| | |
|---|---|
| CASNER & EDWARDS LLP<br>Attn.:<br>Michael J. Fencer, Esq.<br>John T. Morrier, Esq.<br>David Koha, Esq.<br>303 Congress Street<br>Boston, MA 02210 | *via* email to:<br><br>fencer@casneredwards.com<br>morrier@casneredwards.com<br>koha@casneredwards.com |
| ***Assistant U.S. Trustee***<br>**Richard King**<br>Office of the U. S. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608 | *CM/ECF* |
| ***Assistant U.S. Trustee***<br>**Richard King**<br>Office of the US Trustee<br>J.W. McCormack Post Office & Courthouse<br>5 Post Office Sq., 10th Fl, Suite 1000<br>Boston, MA 02109 | *CM/ECF* |

AGENT OR CORPORATE OFFICER
VERO HEALTH CARE, LLC
10500 LTL PATUX PKWY STE 300
COLUMBIA MD 21044-3522

DON A. TAYLOR, ESQ
DAVIS LAW FIRM
19 E MOUNTAIN ST
FAYETTEVILLE AR 72701-6067

JENNIFER PHILLIPS, ESQ.
ATTORNEY FOR VERO HEALTH MGMT, et al
1215 SUPERIOR AVE E FL 7
CLEVELAND OH 44114-3282